

# UNITED STATE DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO, FLORIDA

Confederação Brasileira de Futebol (CBF)

        Plaintiff,

v.

Cessna Aircraft Company

        Defendant.
_____/

Case No.:
6:18-cv-1-Orl-28TBS

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Confederação Brasileira de Futebol (CBF) ("Plaintiff"), by and through undersigned counsel, makes the following Complaint against Cessna Aircraft Company ("CAC").

### PARTIES

1. Confederação Brasileira de Futebol (CBF) is a federation registered in Brazil.

2. CAC is a Kansas corporation with a maintenance center in Orlando, Orange County, Florida.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and the case is between citizens of different states and non-U.S. citizens.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to the claim occurred in this district since the maintenance and repair at issue here occurred in Orlando, Orange County, Florida.

## FACTS COMMON TO ALL COUNTS

5. Beginning in 2008 and continuing to the present date, CAC has designed and manufactured a line of Cessna 680 aircraft.

6. CESSNA 680 aircraft, serial number 680-0260, and tail number PR- FNP ("the Cessna 680 ") was manufactured by CAC and was granted airworthiness on or about September 20, 1997.

7. Soon after the Cessna 680 was granted airworthiness, CAC acquired knowledge of a "static bonding" defect in Cessna 680's that was causing internal corrosion problems within segments of the wings of the line, including, but not limited to, the lands and fuel panels.

8. The internal corrosion issues were so prevalent that CAC commissioned a study on the CESSNA 680 Line in an effort to identify the extent and cause of the internal corrosion issues the aircrafts were experiencing.

9. On or about January 9, 2009, CBF purchased the new Cessna 680 from CAC. Attached as Exhibit A is a copy of the purchase agreement.

10. In June of 2014, CAC and its team of professionals performed a series of inspections, maintenance and repairs on the Cessna 680 at CAC's Service Center in Orlando, Orange County, Florida.

11. The CAC Maintenance entailed, in addition to other wing-related maintenance, a comprehensive inspection of the Cessna 680's wings and wing fuel tanks, which required the complete dismantling of the wings and analysis of the wings' interior.

12. At the completion of their work, CAC represented that they had completed the CAC Maintenance in its entirety, including the wing inspections, and further represented that

the Cessna 680 was airworthy, a representation that could not be made if corrosion was present in the aircraft's wings. Thus, CAC represented to the Plaintiff that the Cessna 680's wings were corrosion free. CAC made vague references to specific corrosion inspections and refused to certify that the requirements of DOC 42 were accomplished. These references represent a lack of adherence to established procedures in commercial and business aviation.

13. Plaintiff promptly paid CAC in full for the CAC Maintenance.

14. During the course of later inspections, Plaintiff was informed of severe internal corrosion throughout the Cessna 680.

15. In an attempt to remediate the internal corrosion, Plaintiff engaged in extensive repairs on the Cessna 680. Due to the severity and extensiveness of the corrosion, the attempted repairs were unsuccessful.

16. Further inspection of the Cessna 680 has revealed additional and extensive internal corrosion throughout the aircraft, such that the aircraft has been deemed no longer airworthy.

17. The extent of the Cessna 680's internal corrosion is so severe that there is little doubt such corrosion existed and would have been readily recognizable by CAC during the CAC Maintenance, if performed properly, or performed at all. Due to the progressive nature of corrosion, had the corrosion been discovered during the CAC Maintenance the damage to the Cessna 680 could have been prevented.

18. The internal nature of the Cessna 680's corrosion and the highly technical aspects of the aircraft prevented Plaintiff from discovering the existence of the corrosion themselves and, in fact, Plaintiff had to rely on aircraft mechanics, such as the professionals paid by Plaintiff to perform the CAC Maintenance, to inspect, identify, and alert it to any

internal corrosion within the Cessna 680.

19. The Cessna 680's internal corrosion was likely caused by a litany of factors related to the aircraft's design and manufacture, including, but not limited to, use of improper metal in the aircraft's construction, improper bonding of the aircraft's composite materials, and lack of electrical conductivity-reducing materials throughout the aircraft.

20. Many Cessna 680's aircrafts have suffered from the same severe internal corrosion as this Cessna 680 and CAC has become increasingly aware of such internal corrosion issues, without disclosing the full extent of its knowledge to the aviation community.

21. CAC has not taken all of the steps necessary to correct the extremely dangerous condition or communicate the existence of the internal corrosion issues to an extent that accurately reflects their knowledge and the full scope of the internal corrosion issues associated with the Cessna 680.

**COUNT I—BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

22. Plaintiff incorporates paragraphs 1-22 of its Complaint as if fully set forth herein.

23. CAC is a merchant regularly engaged in the manufacturing and/or distribution of the Cessna 680.

24. CAC impliedly warranted to Plaintiff that the Cessna 680 was merchantable and fit for the ordinary purpose for which the Cessna 680 would be used, air travel.

25. CAC breached the implied warranty of merchantability in that the Cessna 680 developed internal corrosion due to the negligent manufacture and design of CAC, which, as evidenced by its current lack of airworthiness, rendered the aircraft inherently or unreasonably dangerous.

26. Plaintiff has suffered damages as a result of CAC's breach in so much as the progressive corrosion issues have reduced the value of the Cessna 680, Plaintiff has lost use of the Cessna 680, and Plaintiff has incurred costs associated with repair/replacement of the Cessna 680, the sum of which exceeds $75,000.

WHEREFORE, Plaintiff demands judgment against CAC for Plaintiff's actual damages, including direct, incidental, and consequential damages, plus interest, and for Plaintiff's attorneys fees, litigation costs, and expenses, and for any and all further relief this Court believes just.

### COUNT II—NEGLIGENT DESIGN AND MANUFACTURE

27. Plaintiff incorporates paragraphs 1-22 of its Complaint as if fully set forth herein.

28. CAC designed and manufactured the Cessna 680.

29. CAC owed Plaintiff a duty to use ordinary care in its manufacture and design of the Cessna 680.

30. CAC failed to exercise ordinary care in designing and manufacturing the Cessna 680 in that CAC's negligence in the design and manufacture of the Cessna 680 caused the aircraft to be susceptible to severe internal corrosion, which has rendered the aircraft inherently and unreasonably dangerous.

31. As a result of CAC's negligent design and manufacture, Plaintiff has suffered damages in so much as the progressive corrosion issues have reduced the value of the Cessna 680, Plaintiff has lost use of the Cessna 680, and Plaintiff has incurred costs associated with repair/replacement of the Cessna 680, the sum of which exceeds $75,000.

WHEREFORE, Plaintiff demands judgment against CAC for Plaintiff's actual

damages, including direct, incidental, and consequential damages, plus interest, and for Plaintiff's attorneys fees, litigation costs, and expenses, and for any and all further relief this Court believes just.

### COUNT III—FRAUD THROUGH SILENCE AS MANUFACTURER

32. Plaintiff incorporates paragraphs 1-22 of its Complaint as if fully set forth herein.

33. On information and belief, CAC acquired knowledge of internal corrosion issues in the late 1990's and has continued to gather additional knowledge of corrosion problems with their aircrafts for over a decade.

34. Due to the highly technical nature of the Cessna 680, Plaintiff had no reasonable opportunity to discover the internal corrosion issues by their own diligence and, in fact, relied upon the CAC Inspection for discovery of such corrosion.

35. As the designer and manufacturer of the Cessna 680, CAC was obligated to communicate to Plaintiff and to all owners and operators of the Cessna 680 Line the existence of defects in its aircraft, particularly one as inherently and unreasonably dangerous as the internal corrosion issues associated with the Cessna 680 Line.

36. On information and belief, CAC intentionally failed to communicate the full extent of its knowledge of the Cessna 680's corrosion issues.

37. Plaintiff reasonably relied on CAC, as the manufacturer of its aircraft, to communicate the existence or potential existence of internal corrosion in the Cessna 680.

38. Plaintiff has suffered damages as a result of CAC's failure to communicate the corrosion issues in so much as the progressive corrosion issues have reduced the value of the Cessna 680, Plaintiff has lost use of the Cessna 680, and Plaintiff has incurred costs associated

with repair/replacement of the Cessna 680, the sum of which exceeds $75,000.

WHEREFORE, Plaintiff demands judgment against CAC for Plaintiff's actual damages, including direct, incidental, and consequential damages, plus interest, and for Plaintiff's attorneys fees, litigation costs, and expenses, and for any and all further relief this Court believes just.

## COUNT IV—BREACH OF CONTRACT

39. Plaintiff incorporates paragraphs 1-22 of its Complaint as if fully set forth herein.

40. Plaintiff entered into a contract with CAC whereby Plaintiff agreed to pay CAC to perform the CAC Maintenance and CAC promised to do so.

41. Pursuant to the contract between the parties, CAC was obligated to adequately inspect the Cessna 680 wings for corrosion.

42. Plaintiff paid CAC in full for the CAC Maintenance.

43. CAC breached its contract with Plaintiff by failing to adequately inspect the Cessna 680 wings for corrosion.

44. Plaintiff has suffered damages as a result of CAC's breach in so much as the progressive corrosion issues have reduced the value of the Cessna 680, Plaintiff has lost use of the Cessna 680 and Plaintiff has incurred costs associated with repair/replacement of the Cessna 680, the sum of which exceeds $75,000.

WHEREFORE, Plaintiff demands judgment against CAC for Plaintiff's actual damages, including direct, incidental, and consequential damages, plus interest, and for Plaintiff's attorneys fees, litigation costs, and expenses, and for any and all further relief this Court believes just.

## COUNT V—PROFESSIONAL NEGLIGENCE

45. Plaintiff incorporates paragraphs 1-22 of its Complaint as if fully set forth herein.

46. In performing inspections and maintenance on the Cessna 680, CAC had a duty to use that degree of care and skill which would be used by a reasonably competent airplane mechanic and/or airplane service center providing similar services and acting in similar circumstances.

47. CAC breached its duty by failing to perform the wing inspection required by the CAC Maintenance, failing to identify corrosion within the wing of the Cessna 680, and/or failing to communicate to Plaintiff that corrosion was present within the Cessna 680.

48. Plaintiff has suffered damages as a result of CAC's breach in so much as the progressive corrosion issues have reduced the value of the Cessna 680, Plaintiff has lost use of the Cessna 680, and Plaintiff has incurred costs associated with repair/replacement of the Cessna 680, the sum of which exceeds $75,000.

WHEREFORE Plaintiff demands judgment against CAC for Plaintiff's actual damages, including direct, incidental, and consequential damages, plus interest, and for Plaintiff's attorneys fees, litigation costs, and expenses, and for any and all further relief this Court believes just.

## COUNT VI—FRAUD THROUGH SILENCE AS INSPECTOR

49. Plaintiff incorporates paragraphs 1-22 of its Complaint as if fully set forth herein.

50. On information and belief, CAC had or should have had knowledge of the Cessna 680's internal corrosion upon completion of the CAC Inspection.

51. Due to the highly technical nature of the Cessna 680, Plaintiff had no reasonable opportunity to discover the internal corrosion issues by their own diligence and, in fact, relied upon the CAC Inspection for discovery of such corrosion.

52. CAC was obligated to communicate to Plaintiff that the aircraft was not airworthy due to the corrosion issues present in the Cessna 680.

53. On information and belief, CAC intentionally failed to communicate the existence of internal corrosion issues within the Cessna 680 due to its financial interest in the Cessna 680.

54. Plaintiff reasonably relied on CAC's representations that the aircraft was airworthy and that there was no corrosion within the Cessna 680.

55. Plaintiff has suffered damages as a result of CAC's failure to communicate the progressive corrosion issues in so much as the corrosion issues have reduced the value of the Cessna 680, Plaintiff has lost use of the Cessna 680, and Plaintiff has incurred costs associated with repair/replacement of the Cessna 680, the sum of which exceeds $75,000.

WHEREFORE Plaintiff demand judgment against CAC for Plaintiff's actual damages, including direct, incidental, and consequential damages, plus interest, and for Plaintiff's attorneys fees, litigation costs, and expenses, and for any and all further relief this Court believes just.

### COUNT VII—NEGLIGENT MISREPRESENTATION

56. Plaintiff incorporates paragraphs 1-22 of its Complaint as if fully set forth herein.

57. CAC failed to exercise reasonable care or competence to ensure the truth and/or accuracy of its representation that CAC performed the wing inspections called for by the 2008

CAC Maintenance, that the Cessna 680 was airworthy and/or that no corrosion existed within the aircraft. Moreover, CAC failed to exercise reasonable care and competence in communicating those representations to Plaintiff.

58. CAC's representations were for the benefit and guidance of Plaintiff.

59. Plaintiff has suffered damages as a result of CAC's misrepresentations in so much as the progressive corrosion issues have reduced the value of the Cessna 680, Plaintiff has lost use of the Cessna 680, and Plaintiff has incurred costs associated with repair/replacement of the Cessna 680, the sum of which exceeds $75,000.

WHEREFORE, Plaintiff demands judgment against CAC for Plaintiff's actual damages, including direct, incidental, and consequential damages, plus interest, and for Plaintiff's attorneys fees, litigation costs, and expenses, and for any and all further relief this Court believes just.

### JURY TRIAL DEMANDED

Plaintiff asks that a jury be empaneled to try all issues so triable in this case.

### DESIGNATION OF PLACE OF TRIAL

Plaintiff asks that trial be held in Orlando, Florida.

Respectfully submitted this 29th day of December, 2017.

DIEGO HANDEL, ESQUIRE
149 S. Ridgewood Ave., Box N
Daytona Beach, FL 32114
Telephone: (386) 252-4493
Facsimile: (386) 248-2237
Fla. Bar No.: 384429
E-mail: dhandel@bellsouth.net
Attorney For Plaintiff